IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY,<br><br>      Plaintiff,<br><br>    v.<br><br>SUPREME COURT OF CALIFORNIA, et al.,<br><br>      Defendants.<br>_____/ | No. C 07-4022 CW (PR)<br><br>ORDER OF DISMISSAL |
| INFINITY,<br><br>      Plaintiff,<br><br>    v.<br><br>RICHARD W. WEIKING, et al.,<br><br>      Defendants.<br>_____/ | No. C 07-4803 CW (PR)<br><br>ORDER OF DISMISSAL |

   Plaintiff is a prisoner of the State of California who is incarcerated at Ironwood State Prison.  He has filed two pro se petitions for a writ of mandamus.  He has also filed applications for in forma pauperis status.  However, upon reviewing both petitions, it is apparent that the petition for a writ of mandamus in Case No. C 07-4803 CW (PR) should have been filed as a supplement to the petition for a writ of mandamus in Case No. C 07-4022 CW (PR).

BACKGROUND

    Plaintiff contends that a writ of mandamus is the proper vehicle by which to compel Defendants to "stop changing, adding to, or disrespecting [the] legal name of Petitioner."  He claims

that Defendants have added "a.k.a. James Frank Strong" or "a.k.a. Frank James Strong" next to his legal name, Infinity, in his filings in state and federal court.

## DISCUSSION

I.   Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b). However, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d, 696 699 (9th Cir. 1990).

II.   Writ of Mandamus

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus relief is an extraordinary remedy, however.  It is available to compel a federal officer to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986).  Plaintiff has named Richard W. Wieking, Clerk

2

of the Court, as a defendant.  Plaintiff alleges that Defendant Wieking "openly, without due cause, or jurisdiction added, 'a.k.a. James Frank Strong' to the title sheet of Plaintiff's petition for writ of mandamus" in Case No. C 07-4022 CW (PR). Defendant Wieking must make a reasonable inquiry and ensure the accuracy of records in response to an inmate's contention that erroneous information is being maintained in his filings, cf. Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992); however, this does not entitle Plaintiff to mandamus relief as he has an adequate remedy available through the Privacy Act, 5 U.S.C. § 552a, see id. at 312-13.

The Court has no authority to take the actions requested by Plaintiff against the remaining defendants, who are state actors, by way of a writ of mandamus.  Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).  Plaintiff's mandamus remedy, if any, lies in state court.

CONCLUSION

For the foregoing reasons,

1. The Clerk is ordered to revoke filing of the petition for a writ of mandamus in Case No. C 07-4803 CW (PR) and to file it as a supplement to the petition for a writ of mandamus in Case No. C 07-4022 CW (PR).

2. The Clerk shall close Case No. 07-4803 CW (PR). Plaintiff's application for in forma pauperis status in Case No. 07-4803 CW (PR) is terminated as moot because no filing fee is due as this action was opened in error.

3. Plaintiff's petition for a writ of mandamus and supplement to the petition for a writ of mandamus are DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

4. Plaintiff's application for in forma pauperis status in Case No. C 07-4022 is GRANTED, and the Clerk of the Court shall close Case No. 07-4022 CW (PR).

5. The Clerk of the Court shall issue a judgment in accordance with this Order and close both files as indicated above.

IT IS SO ORDERED.

DATED: 1/15/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

INFINITY,

        Plaintiff,

  v.

RICHARD W. WIEKING et al,

        Defendant.

Case Number: CV07-04803 CW
CV07-04022 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Infinity  C27692
Ironwood State Prison
C3-203-Low
19005 Wiley's Well Road
Blythe, CA 92226

Dated: January 15, 2008

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk